**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                          No. 98-4436

JOSE SANTIAGO CHAVEZ,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, Sr., District Judge.
(CR-97-234)

Submitted: December 15, 1998

Decided: January 6, 1999

Before HAMILTON and LUTTIG, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen III, Federal Public Defender, Gregory Davis, Assistant
Federal Public Defender, Greensboro, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Sandra J. Hairston,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jose Chavez appeals the district court's denial of his motion to suppress evidence seized during a consent search of his recreational vehicle. Because we cannot conclude that the district court clearly erred in finding that Chavez's consent to search was freely and voluntarily given, we affirm.

I.

Chavez entered a conditional plea of guilty, allowing for an appeal of the denial of his suppression motion, to possessing with the intent to distribute more than 100 kilograms of marijuana. Around 12:15 in the morning, Deputy Hasty of the Randolph County Sheriff's Department spotted Chavez walking along a state road in close proximity to a recreational vehicle that appeared to be broken down on the side of the road. Chavez told Deputy Hasty that his R.V. was out of gas. Hasty offered Chavez a ride to the gas station which Chavez accepted. After obtaining some gasoline, they returned to the R.V. On their return trip, Hasty asked Chavez, "Would you mind if I searched your vehicle for drugs?" Hasty testified that Chavez said "no, sir" and denied being involved with drugs. Hasty then asked him, "so you don't mind if I search your vehicle?" to which Hasty testified Chavez responded, "no, sir, I don't mind." After two back-up officers arrived, Hasty once again asked Chavez "if he didn't mind if [he] searched his vehicle." Chavez said "no, I don't mind." At no time was Chavez restrained and none of the officers drew their weapons.

Chavez testified at the suppression hearing that he told Hasty that "it was up to him," when asked for permission to search. Chavez now challenges the denial of the suppression motion and asserts that he did not voluntarily consent because his answer to Hasty"was not unequivocal and specific and was not sufficient to constitute a consent to the search of his vehicle."

2

The district court concluded that Chavez was asked twice for permission to search his vehicle and granted permission both times. The court also made factual findings that Chavez graduated from high school in Texas and that while Spanish was spoken in his home, Chavez engaged in commercial and educational activities that made the meaning of the English language clear to him. It therefore denied the motion to suppress.

II.

When the subject of a search freely and voluntarily gives consent for a search, the search is constitutionally permissible even without probable cause or a warrant. See Schneckloth v. Bustamonte, 412 U.S. 218, 222 (1973). Whether consent to search was freely and voluntarily given is a factual question to be determined by the totality of the circumstances. See Schneckloth, 412 U.S. at 227. "In viewing the totality of the circumstances, it is appropriate to consider the characteristics of the accused (such as age, maturity, education, intelligence, and experience) as well as the conditions under which the consent to search was given (such as the officer's conduct; the number of officers present; and the duration, location, and time of the encounter)." United States v. Lattimore, 87 F.3d 647, 650 (4th Cir. 1996). Whether Chavez knew that he possessed a right to refuse consent also is relevant in determining the voluntariness of consent, although the Government need not demonstrate that Chavez knew of his right to refuse. See id.

The voluntariness of consent to search is a factual question, and we affirm the determination of the district court unless its finding is clearly erroneous. See id. And, when the lower court bases its finding of consent on the oral testimony at a suppression hearing, the clearly erroneous standard is particularly strong since the court observed the demeanor of the witnesses. See id. at 650-51.

Chavez's primary argument is that, as an American of Hispanic descent, he did not understand the officer's requests for consent phrased as "do you mind if" and "you don't mind if I." Chavez asks this court to reverse the denial of his suppression motion because "cultural and language barriers can result in a different interpretation

3

being given to requests and responses to the requests which could affect" the court's ruling on voluntariness.

Based on our review of the totality of the surrounding circumstances, we cannot say that the factual finding of the district court that Chavez's consent was voluntary was clearly erroneous. The district court's factual findings concerning Chavez's personal characteristics and the conditions under which Chavez consented are well-supported by the record. In addition, Chavez testified that he knew he had the right to say no to the search and Chavez had prior experiences with the police and criminal justice system. See Lattimore, 87 F.3d at 651.

Because we conclude that Chavez's claim is without merit, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

4